**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No.: 25-CR-362 (JMC) |
| JALIL WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

I.      Summary of the Plea Agreement

Jalil Williams (hereafter, "the defendant") agrees to admit guilt and enter a plea of guilty to Count One of the Indictment, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

II.     Elements of the Offense

The essential elements of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm and ammunition;

2. That the firearm and ammunition had been shipped and transported in interstate commerce;

3. That, at the time the defendant possessed the firearm and ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

4.  That, at the time the defendant possessed the firearm and ammunition, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

The term "firearm" means a weapon, regardless of operability, which is intended to expel a bullet or other projectile by the action of an explosive. The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

### III.    Penalties for the Offense

The penalty for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), is as follows:

1.  a maximum term of imprisonment not to exceed fifteen (15) years;

2.  a fine not to exceed $250,000;

3.  a term of supervised release of not more than three (3) years; and

4.  a special assessment of $100.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

### IV.    Brief Statement of the Facts

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

On Thursday, October 16, 2025, at approximately 11:45pm, officers with the Metropolitan Police Department (MPD) attempted a traffic stop of a black Acura driven by defendant Williams in the parking lot of 5048 C Street SE, Washington, DC. Defendant Williams fled the car (leaving

the driver's side door open) and ran on foot towards the apartment building at 5048 C Street SE while holding a small blue satchel.   Officers pursued Williams on foot but before they caught up to him, Williams threw the blue satchel, which struck a plastic trash can in the parking lot.   After detaining Williams, officers located the blue satchel bag near the trash can and felt a firearm inside. The bag in fact contained a firearm and an EBT card with Williams' name on it.

The firearm was a Glock 42, .380 caliber, with serial number ABMD310, with a laser light attachment.   It was loaded with one .380 round in the chamber and a magazine containing six (6) .380 rounds inserted in the magazine-well.

At the time of the offense, the defendant knew he had been convicted of an offense punishable by more than a year in jail.

There are no firearms or ammunitions manufacturers in the District of Columbia.

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:     /s/ Michael L. Barclay
        MICHAEL L. BARCLAY
        Assistant United States Attorney
        N.Y. Bar Reg. No. 5441423
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7669
        michael.barclay@usdoj.gov

3

**DEFENDANT'S ACKNOWLEDGMENT**

I have read each of the pages that constitute the Government's proffer of evidence and have discussed it with my attorney, Maria Jacob.   I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 4-3-26

Jalil Williams
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages that constitute the Government's Proffer of Evidence, reviewed them with my client, Jalil Williams, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the Government's proof, as I understand it.

Date: 4/3/26

Maria Jacob
Attorney for Defendant

4